Allen T. Sak, Esq. Deputy Town Attorney, Brookhaven
Chapter 657 of the Laws of 1983 amended the Executive Law to make discrimination on the basis of age in the transfer of interests in housing and commercial space an unlawful practice. An exception to this prohibition was established to permit the sale, rental, or lease of such interests "to persons fifty-five years of age or older" (L 1983, ch 657). (Additional exceptions exist regarding the rental of certain housing units [Executive Law, § 296(a)(3)].) You have asked whether a town, in establishing a retirement community as part of its zoning regulations, may set an age minimum other than fifty-five years of age.
Chapter 657 was part of the Attorney General's 1983-1984 legislative program, having as its purpose the extension of existing provisions prohibiting age discrimination in the transfer of interests in public-assisted housing and in land and commercial space to include all
housing, land and commercial space (Memorandum to the Governor from Robert Abrams, Attorney General, dated June 27, 1983). The thrust of the proposal was to protect senior citizens from being deprived of housing because of their age (ibid.). The exception established for transfers to persons age fifty-five and older was intended to assure continued receipt of federal funding for senior citizen housing projects (Memorandum to Counsel to the Governor from Senator Hugh T. Farley, the Senate sponsor, dated June 28, 1983), and to preserve so-called "adult communities" (ibid.; Attorney General's memorandum, supra).
Thus, with the exception of transfers restricted to persons fifty-five years of age and older, age discrimination in the transfer of interest in both housing and commercial real property is prohibited. The local establishment of a retirement community district has been upheld (Maldiniv Ambro, 36 N.Y.2d 481 [1975]). In the development of zoning regulations, age is a proper consideration if rationally related to achieving a proper governmental objective (id., p 487). However, in our view, such a local regulation may not be inconsistent with the above-referenced provisions of the Executive Law, which establish uniform state-wide regulations prohibiting discrimination. A local regulation establishing a minimum age for adult communities above the "fifty-five" minimum established by State law, would increase the class of persons precluded from residing in such communities. In our opinion, such a local law would be inconsistent with chapter 657, which by its terms prohibits discrimination on the basis of age. A local law lowering the fifty-five year minimum age for these adult communities would change the complexion of these communities, which presumably are designed to preserve an atmosphere tailored to the needs of more elderly people. Further, if the Legislature had intended to permit flexibility in establishing the minimum age for retirement communities, it easily could have included language expressing that intent, rather than establishing a firm cut-off. Thus, we believe that both proposed local laws would be inconsistent with the provisions of chapter 657, and, therefore, are unauthorized (Municipal Home Rule Law, § 10).
We conclude that in establishing a retirement community, a town may not set a minimum age other than fifty-five years of age.